AARON & PATERNOSTER, LTD.
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
2300 W. Sahara Ave., Suite 650
Las Vegas, NV 89102
PH: (702) 384-4111
FX: (702) 384-8222
email: bk@aaronpaternoster.com
Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | ) | Chapter 13 Proceedings |
| --- | --- | --- |
| | ) | Case No: 09-28933-BAM |
| **EDWARD KLEE,** | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | DATE: 12/17/2009 |
| | ) | TIME: 2:30 p.m. |

## MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOANS PURSUANT TO 11 U.S.C. §506(a) AND §1322.

COMES NOW, Debtor EDWARD KLEE ("Debtor"), by and through his attorney, MATTHEW AARON, of the law firm of AARON & PATERNOSTER LTD., and hereby move this Court to modify the rights of BAC HOME LOANS ("BAC") pursuant to 11 U.S.C.§506(a), and §1322, and Bankruptcy Rules 3012 and 9014. This Motion is based on the following Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.

#### STATEMENT OF FACTS

Debtor filed the instant Chapter 13, Case Number 09-28933-BAM, on or about October 8, 2009. On or about the petition date, Debtor owned real property located at or about 1215 Golden Spike Court, Henderson, NV 89014 ("Property"). The value of the Property is approximately $224,037.00[1]. At the time Debtor filed his Petition, and currently, the first mortgage held by BAC HOME LOANS SERVICING, LP, ("BAC") is in the approximate amount of $343,747.00. The

---

[1] *See* copy of estimate from Cyberhomes.com attached hereto as Exhibit A.

second mortgage, also held by BAC, is in the approximate amount of $42,853.00. As of the date of this filing, BAC has not filed a proof of claim for either mortgage. On or about the date Debtor filed the instant bankruptcy, no equity existed in the Property above the lien held by BAC for its first mortgage. BAC'S second mortgage claim was wholly unsecured on the petition date and if the Property was sold at auction, BAC would receive nothing for said second mortgage claim.

## II.

## LEGAL ARGUMENT

A wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2).[2] The 9th Circuit reviewed and discussed *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993) regarding claims "secured" by real property, and the subsequent majority and minority interpretation and application thereof.[3] Based on its thorough analysis, the 9th Circuit found the majority interpretation and application of *Nobleman* to 11 U.S.C. §506 and §1322 compelling and held:

> Section 506(a) divides creditors' claims into 'secured . . . claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the creditor has a security interest in the debtor's property, § 506 (a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is a term of art and not every claim that is secured by a lien on property will be considered a 'secured claim.'[4]

Here, BAC'S second mortgage claim for the repayment is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the Property. Because BAC'S second mortgage claim is wholly unsecured (no equity exceeding the first mortgage on the Property exists), Debtor respectfully requests this Court classify BAC'S second mortgage claim to that of a general unsecured creditor

---

[2] *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).

[3] *Id.*

[4] *Id.* at 1222-23.

to be paid pro rata with like unsecured creditors. Additionally, Debtor requests this Court strip BAC'S of its secured rights, if any, for its second mortgage claim under State law because no maintainable security interest in the Property exists as to the second mortgage. Furthermore, an adversary proceeding is not required to obtain the relief requested herein. Debtor needs only request the relief sought herein by motion to "strip off" BAC'S consensual second mortgage/secured credit line lien.[5]

### III.

### CONCLUSION

WHEREFORE, based on the foregoing, Debtor respectfully requests this Court: 1) "strip off" and extinguish BAC'S wholly unsecured second mortgage lien pursuant to 11 U.S.C. §506(a) upon completion of Debtor's Chapter13 Plan payments; 2) Reclassify BAC'S second mortgage claim as a general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtor's Chapter 13 plan; and 3) other relief the Court deems just, equitable and/or appropriate.

Dated this 12th day of November, 2009.

By: /s/ MATTHEW AARON
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
Attorney for Debtor(s)

---

[5] *See In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R.693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R.641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R.90 (Bank.D.Idahp2003), *Dickey v. Ben.Fin (In re Dickey)*, 293 B.R.360 (Bank.M.D.Pa.2003), *In re Hill*, 304 B.R.800 (Bankr.S.D.Ohio2003), *In re Sadala*, 294 B.R.180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (BankrW.D.N.Y.2003), *In re Robert*, 313 B.R.843 (Bankr.W.D.Ky.2004).

**EXHIBIT "A"**

## cyberhomes  Find the right neighborhood. Find the right home.

Home

# 1215 Golden Spike Ct, Henderson, NV 89014



**Estimated Home Value**

Estimate:
## $224,037
Change over last month:
## −$2,574

Estimate range: $201,633 - $257,642
Last Updated: 9/23/2009

### Home facts

| | |
|---|---|
| Bedrooms: | 4 |
| Bathrooms: | 2 |
| LivingArea: | 2,634 Sq ft |
| Lot Size | 6,098 Sq ft |
| Type: | Single Family |
| Parcel Number: | 178-10-611-033 |
| County | Clark |
| Year Built: | 1997 |
| Total Rooms: | 7 |
| Heating | Forced air unit |
| Cooling | Central |
| Number of Stories: | 2 |
| Legal Description: | PLAT BOOK 73 PAGE 59 LOT 73 BLOCK H |

### Sales History

| Sale Date | Sale Amount | Price per Living Area |
|---|---|---|
| 9/13/2004 | $375,000 | $142 37 |
| 2/13/1998 | $163,500 | $62 07 |

### Assessed Values

| Year | Improvements | Land | Total |
|---|---|---|---|
| 2008 | $64,041 | $17,850 | $81,891 |
| 2007 | $59,753 | $66,850 | $126,603 |
| 2006 | $59,557 | $63,000 | $122,557 |

View this property at: http://www.cyberhomes.com/homes-henderson-nv-89014/1215goldenspikect/30626511 aspx (Report created on: 10/8/2009)

Copyright © 2009 LPS Real Estate Group
Cyberhomes and Cyberhomes.com are trademarks of FNRES Holdings, Inc. All Rights Reserved.

None of the Cyberhomes™ valuations provided via this site are an appraisal report of the market value of the subject property prepared by a licensed professional appraiser. The valuation has been generated by use of proprietary computer software which assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of home valuation. The Cyberhomes valuations have not been prepared, evaluated or reviewed by a licensed professional appraiser.

## CERTIFICATE OF SERVICE

On November 12, 2009, I served the following document(s)

<u>Notice of Hearing on Motion To Value Collateral, "Strip Off" and Modify Rights of BAC Pursuant to 11 U.S.C §506(a) and §1322; Motion To Value Collateral, "Strip Off" and Modify Rights of BAC HOME LOANS Pursuant to 11 U.S.C. §506(a) and §1322.</u>

    2.    I served the above-named document(s) by the following means to the persons as listed below:

    **x**    a.    ECF System (You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary.)

    Trustee Kathleen Leavitt<u>: courtsecf3@las13.com</u>

    **x**    b.    United States mail, postage fully prepaid, addressed as follows:
(List persons and addresses. Attach additional paper if necessary.)

Certified Mail:

BAC HOME LOANS
Agent, Officer or Managing Partner
450 American Street
Simi Valley, CA 93065

BAC Home Loans Servicing, LP
c/o PROBER & RAPHAEL, a Law Corp
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364

Regular Mail:

EDWARD KLEE
1215 Golden Spike Court
Las Vegas, Nevada 89014

    o    c. Personal Service (List persons and addresses. Attach additional paper if necessary)
I personally delivered the document(s) to the persons at these addresses:

    o    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

    o    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    o    d. By direct email (as opposed to through the ECF System)
(List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.

I did not receive, within a reasonable time after the transmission,.any electronic message or other indication that the transmission was unsuccessful.

1  o    e. By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

2  Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

o    f. By messenger (List persons and addresses. Attach additional paper if necessary) I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service,).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: November 12, 2009

*/s/ Benita Perey/*

An employee of Aaron & Paternoster, Ltd